FILED
07/31/2026 - 2:04 PM
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:
**ANGELICA SUE BOTTI,**                                    **BANKRUPTCY NO. 21-21934-CMB**
**Debtor.**
                                                          **CHAPTER 13**

                                                          **Docket No. _____**


**ANGELICA SUE BOTTI,**

   **Movant,**

**v.**

**DONALD L. LAMPUS, JR.,**

   **Respondent.**


Bankruptcy No. **21-21934-CMB**
Chapter 7

District Court Appeal No. **2:26-cv-01562-RJC**

# APPELLANT'S STATEMENT OF ISSUES PRESENTED ON APPEAL

Appellant Angelica Sue Botti respectfully presents the following issues for review:

1. Whether the Bankruptcy Court abused its discretion in denying Debtor's Motion to Reopen Case and for Relief from the Order Approving Settlement and Order Dismissing Case at Doc. 146.
2. Whether the Bankruptcy Court applied the correct legal standards under 11 U.S.C. § 350(b), Federal Rules of Bankruptcy Procedure 5010 and 9024, and Federal Rule of Civil Procedure 60(b).
3. Whether the Bankruptcy Court failed to fully examine, address, and reconcile all material documentary evidence submitted by Debtor before concluding that reopening would be futile.
4. Whether the Bankruptcy Court clearly erred by making findings inconsistent with, or unsupported by, contemporaneous banking records, corporate records, financial records,

payroll communications, ownership documents, business communications, and other documentary evidence.

5. Whether the Bankruptcy Court failed to consider the cumulative effect of multiple material inconsistencies in the documentary record rather than evaluating each discrepancy in isolation.

6. Whether the Bankruptcy Court abused its discretion by denying, at minimum, a limited reopening to determine whether the factual, financial, ownership, banking, and settlement records underlying the approved settlement were complete and accurate.

7. Whether the Bankruptcy Court abused its discretion by treating the SSB Bank evidence as immaterial where the Bank's declaration of default, acceleration and calling of the note, treatment of the default as incurable, acceptance and application of payments, confession-of-judgment activity, and understanding of Respondent's prospective ownership or repayment role were central to the alleged transfer of Debtor's ninety-percent interest and to the value and structure of the settlement.

8. Whether the Bankruptcy Court failed to adequately examine or require development of the factual and contractual basis for SSB Bank's actions, including who decided to call the note, what event was treated as default, whether cure, reinstatement, forbearance, or modification was considered, whether Respondent assumed or was expected to assume the loan, whether any borrower or guarantor was released, and whether the Bank's underwriting treatment of Respondent's prospective acquisition affected the default and enforcement decisions.

9. Whether the Bankruptcy Court erred by concluding that reopening would be futile despite documentary evidence showing that Respondent's possible acquisition of Debtor's ownership interest was contemplated in the Bank's underwriting and related communications before the alleged default, while the complete underwriting, servicing, payment, communications, default-decision, and enforcement records remained unavailable.

10. Whether the Bankruptcy Court erred by failing to adequately consider evidence that no identified signed court order transferred Debtor's ninety-percent ownership interest before settlement and whether, absent such transfer, the Operating Agreement remained the governing source of authority over Gemini's management, finances, and operations.

11. Whether the Bankruptcy Court erred by failing to examine evidence concerning the use of company funds to pay attorneys representing Respondent personally in litigation adverse to both Debtor and Gemini, and whether those transactions warranted further inquiry into corporate authorization, fiduciary obligations, and the use of company assets.

12. Whether the Bankruptcy Court failed to adequately consider payroll communications indicating that Respondent communicated with the payroll provider concerning termination and transfer of payroll services.

13. Whether the Bankruptcy Court erred by resolving disputed factual issues without reconciling contemporaneous documentary evidence materially inconsistent with factual representations contained in the record.

14. Whether the Bankruptcy Court failed to adequately consider Debtor's continuing efforts over approximately two years to investigate the underlying transactions, obtain records, seek legal assistance, and determine whether the settlement had been approved on a complete and accurate factual record.

15. Whether the Bankruptcy Court failed to adequately consider evidence that Debtor repeatedly informed former counsel of her ongoing mental-health conditions, significant emotional distress, and concerns regarding the settlement, while the record reflects no meaningful effort to resolve disputed terms or bring those circumstances to the Court's attention before approval.

16. Whether the Bankruptcy Court erred in concluding that the settlement reflected informed and voluntary assent without fully considering contemporaneous communications concerning unresolved settlement terms, Debtor's repeated disclosures of mental-health distress, continued efforts to obtain her signature after approval, and the surrounding circumstances bearing on her understanding and assent to the final written agreement.

17. Whether the Bankruptcy Court failed to adequately consider that unresolved legal proceedings, pending motions, and unresolved challenges existing at the time of settlement could reasonably have affected the value of the claims being settled, the settlement amount, releases, allocation of liability, ownership interests, and Debtor's decision whether to settle.

18. Whether the Bankruptcy Court abused its discretion by declining to permit limited supplementation of the record where additional documentary evidence materially affected the reliability of factual findings central to the Court's decision.

19. Whether the Bankruptcy Court's treatment of the June 17, 2026 hearing accurately reflected the proceedings where Debtor initially stated that she did not expect to testify, later affirmatively agreed to testify when Respondent's counsel requested to question her under oath, and the Court determined that additional testimony was unnecessary.

20. Whether the Bankruptcy Court's findings and conclusions were affected by clearly erroneous factual findings, an incomplete evidentiary record, or an abuse of discretion requiring reversal, vacatur, remand, additional findings, limited reopening, or further proceedings.

21. Whether the Bankruptcy Court's disposition of Debtor's timely Motion under Federal Rules of Bankruptcy Procedure 7052 and 9023 at Doc. 204 alters, supplements, or otherwise affects the issues presented in this appeal.

22. Whether the Bankruptcy Court abused its discretion by declining to permit further examination of documentary evidence that raised substantial questions concerning Respondent's authority, ownership, fiduciary obligations, banking transactions, coordination with SSB Bank in the bank's calling of the Gemini Loan, coordination with Jason Ross to manufacture the default of Gemini's line of credit loan funded by Respondent,  financial records, use of company assets, and the accuracy of material factual representations presented throughout the proceedings, where those unresolved issues were central to the value of the claims, the parties' negotiating positions, and the fairness and terms of the settlement ultimately approved

23. Whether the Bankruptcy Court abused its discretion by declining to permit limited examination of documentary evidence raising substantial questions concerning the integrity and completeness of the record presented to the Court, including materially inaccurate representations, omitted financial and banking information, unresolved ownership and authority issues, and contemporaneous records materially inconsistent with Respondent's submissions, where those matters may have affected the Court's factual findings, the valuation of the claims, the fairness of the settlement, and therefore

warranted further consideration, including under Federal Rule of Civil Procedure 60(d)(3).

Appellant respectfully reserves the right to refine, consolidate, or supplement these issues following disposition of Doc. 204, entry of any amended findings or order, completion of the appellate record, or further order of the District Court.

Respectfully submitted,

I declare under penalty of perjury that the foregoing is true and correct.

Date: **07/31/2026**

Respectfully submitted,

**/s/ Angelica Sue Botti**
**Angelica Sue Botti**
**Debtor, Pro Se**
**132 Harrison Avenue**
**Robinson, PA 15949**
**724-664-9390**
botti3414@msn.com